STATE, EX REL. THOMAS ANDERSON, v. JOSEPH HILL, COLLECTOR OF SUSSEX COUNTY.

1. The act of 1873, (*Pamph. L., p.* 110, § 1,) giving the judges of the Court of Common Pleas of the several counties a *per diem* fee of $5, is not applicable to the president or law judge of Sussex county, who,

by statute of 1871, page 541, receives a fixed salary, *but to receive no other compensation whatever.*

2. Explicit words of exclusion from other benefit, in a special statute, should be changed by a law equally explicit, or by necessary implication.

Application for *mandamus* to the collector of the county of Sussex.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the relator, *Chas. J. Roe.*

The opinion of the court was delivered by

SCUDDER, J.   The relator, law judge of the Court of Common Pleas of the county of Sussex, claims a *per diem* allowance of $5 for thirty-six days of actual attendance in the discharge of his duties at the stated and special terms of the courts of said county, between the 23d day of September, 1878, and the 8th day of March, 1879.   The collector of the county has refused to pay on the certificate of the clerk and surrogate, of the number of days' attendance, and the amount due for such allowance; hence this application is made.

The act under which the relator was appointed, (*Pamph. L.* 1871, *p.* 541, § 3,) enacts that the president, or law judge of the Court of Common Pleas of Sussex county, shall receive a salary of $1000 *per annum*, to be paid by the board of chosen freeholders of said county, in quarterly payments, *but to receive no other compensation whatever.*

The act under which he claims additional compensation, (*Pamph. L.* 1873, *p.* 110, § 1,) enacts that the judges of the Inferior Courts of Common Pleas, in the several counties of this state, shall hereafter each receive a *per diem* allowance of $5 for every day they shall actually attend in the discharge of their duties, &c.

Does this latter statute take away the express prohibition of the former law, that he shall receive no other compensation

Anderson v. Hill.

whatever? There is a general repealing section (§ 2) that all acts and parts of acts inconsistent therewith are thereby repealed, but no express repealer of the act of 1871. This may well apply to the act of March 18th, 1869, (*Pamph. L.*, *p.* 511,) which gave the judges of the Court of Common Pleas a *per diem* allowance of $3 for every day's attendance at court. There can be no doubt that, under the law of 1869, the relator could not receive a *per diem* fee of $3, because the later law of 1871, under which he was appointed, expressly forbade it. It is claimed that the effect of the law of 1873 not only changes the amount of the *per diem*, in the general law, to $5, but has the additional effect of expunging the words that he shall receive no other compensation whatever, out of the special law which relates only to the law judge of Sussex county.

It is said that this is the necessary construction of the act, because the law of 1873, in terms, includes the judges of the Court of Common Pleas in the several counties of this state, excepting those in the county of Camden, (see proviso, § 1, for this exception,) and this must necessarily mean all, except those in terms excepted. It is true that the relator may invoke for his aid the maxim, " *Expressio unius est exclusio alterius*," but we are told that great caution is always requisite in its application, in the construction of deeds between parties, to which it is most usually applied (*Broom's Maxims* *506), and at least equal care should be observed in construing statutes, which are, in law, usually held to be of more solemn obligation than the private contracts of individuals. In looking for the legislative intention, it is pertinent to inquire whether there is any reason for excluding Camden county judges, which applies to the relator.

By the act of 1872, (p. 587, § 3,) the lay judges, as well as the law judges of Camden county, receive a salary, in lieu of all compensation and fees that said judges are entitled to by law.

It would seem, therefore, to have been the legislative intent to exclude, rather than include, judges with salaries from

partaking of the *per diem* allowance. It was certainly their purpose to cut off cumulative pay to both law and lay judges with salaries, in the county of Camden; whether they thereby intended to give the *per diem* to other judges with salaries, is at least a matter of doubtful construction.

In the case of *Strong* v. *Collector*, 12 *Vroom* 232, it was decided by the court that the prosecutor, who was a law judge of that county, was entitled to the *per diem* fees given by this law, under the phraseology of the special act, that besides the salary, he should receive "no other share of the fees or compensation divisible among the judges of said courts."

These words were said not to include *per diem* allowances, which are not fees or compensation divisible among the judges. This expression is used in many other acts, appointing law judges in the counties, but in the county of Sussex, the restriction is more comprehensive, and cuts off all other compensation than the salary.

When a special act is so distinctive and clear in its enunciations, the general law which repeals it should be equally clear and unmistakable in its purpose. From *Dr. Foster's case*, 11 *Rep.* 56, to the present time, courts have held that repeals by implication are not to be favored. Where, as in this case, the legislature have said that no other compensation shall be received, it is not sufficient, by a general law, to make a different provision for a class in which the relator may be included, and without special reference to and repeal of his disability, give him the benefit of such provision. Such explicit words of exclusion should be changed by a law equally explicit, or by necessary implication. I do not find such words in this act of 1873. This court intimated the opinion in Strong's case, that if, by terms or necessary implication, the *per diem* allowance, as well as the fees given to the other judges, had been excluded, that the special act would not have been repealed by the general expressions used in the act of 1873. That, in my judgment, was correct, and should be followed in this case, which goes to that extent.

The subsequent act of March 14th, 1879, which enacts that a judge of a Court of Common Pleas receiving a salary, shall not receive a *per diem* allowance, nor any fees, is a legislative determination of this question, which has been heretofore held in some uncertainty, but affords us no aid in construing the statute under consideration.

The *mandamus* is refused.